GARY BASTIE
523 South 59th Street
St. Petersburg FL 33707
Telephone:  727-341-1217
Facsimile:  727-344-0112

FILED

04 JUL 20  PM 2: 36

LANCE S. WILSON
CLERK

BY_____
    DEPUTY

**In The United States District Court**
                    **For The District of Nevada**

| | |
|---|---|
| **Thomas A. Dillon, Independent Fiduciary Of Employers Mutual Plans,** | **Case No.: CV-N-03-0119-HDM-VPC** |
| **Plaintiff,** | |
| **vs.** | **ANSWER AND INTERIM STATUS REPORT** |
| **James Lee Graf, et al.** | |
| **Defendant(s).** | |

**Introduction To Answer and Interim Status Report**

Gary Bastie, on behalf of himself and others similarly situated answers the

following with respect to the Order and Case Management Order dated July 6,

2004 as requested by that same Order.  The Order was received by Mr. Bastie

on July 12, 2004 and this Answer and Report represents Mr. Bastie's best effort

at responding to the request.  Although Mr. Bastie is not a "member" of the Joint

Defense Committee—he is pro se—he is answering on that basis.  Mr. Bastie

1

965/964

and others similarly note here that the court is operating in clear absence of all jurisdiction.

**Supporting Information**

1. The original Case management Order allows Mr. Bastie and others similarly situated, to file their own paperwork with the court  (reference page 4 of NOTICE OF ENTRY OF CASE MANAGEMENT ORDER, October 23, 2003, see lines 18-19, "Defendants who were either general or wholesale agents may file separate motions on their respective behalf or respective joinder(s) to any motion filed by lead counsel.") as does the Constitution of the United States allow Mr. Bastie and others similarly situated to have pro se status with the court.  The Order lists, "All Parties and Joint Defense Committee File Interim Status Reports" therefore, this answer is being submitted as per Order.

2. Mr. Bastie, and others similarly situated filed motions, objections, forum non-convenience and other paperwork with the court.  No answers have been received from the court at this time.

3. Mr. Bastie, and others similarly situated filed an Objection To Lead Counsel and Mediator in December, 2003.

4. The Case Management Order stipulated that Mr. Brace would have until February 20, 2004 to reply to Motions.

5. Mr. Brace, in his PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS BASED ON:F.R.C.P. 12(b)(6); ERISA PREEMPTION; OBJECTIONS TO THE COURT APPOINTMENT OF LEAD COUNSEL AND A MEDIATOR; AND, MOTIONS CHALLENGING VENUE AND SEEKING TO TRANSFER VENUE PURSUANT TO 28 U.S.C. 1404; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION, states that a Court Order was issued on February 23, 2004 allowing him to respond with a single motion "late", that is, not by February 20, 2004.  Mr. Brace missed his original opportunity.

6. Mr. Brace finally replied to Motions on June 24, 2004.  Mr. Brace's reply was incomplete and failed to address points made by Mr. Bastie and others similarly situated.

7. Mr. Bastie and others similarly situated have not, as of July 19, 2004,  heard from the court concerning their motions, objections, forum non-conveniens nor, specifically, their Objection to Lead Counsel and Mediator.  Therefore, they have not attended any mediation.

8.  Mr. Brace, in his single answer to all motions,  failed to address each point that Mr. Bastie raised and therefore they must be deemed as true and Mr. Bastie and others similarly situated should be dismissed with prejudice..

9.  Mr. Brace "missed" his answer to motions date yet received another "chance" by the court (see above referenced February 23, 2004 order also referenced by Mr. Brace).  Mr. Bastie and others similarly situated should be dismissed with prejudice.

10. Thus far, the court has not established Subject Matter Jurisdiction over Mr. Bastie and others similarly situated, yet, without an answer specifically from Mr. Brace, nor the court, Mr. Bastie (and others similarly situated) seems to be expected, by the court,  to be ordered to mediation.

11. Mr. Bastie still stands on his forum non-conveniens issues and reminds the court that among his other points, he cannot afford to travel to Nevada.  In fact, Mr. Brace failed to answer Mr. Bastie's specific points, and the court must dismiss Mr. Bastie and others similarly situated as a result.

12. Mr. Brace failed to prove that the court has Subject Matter Jurisdiction (refer to Motion To Strike Plaintiff's Consolidated Answers by Mr. Bastie).  Mr. Bastie, and others similarly situated seem to be ordered to attend mediation when in fact, the court should dismiss Mr. Bastie and others similarly situated.

13. Mr. Bastie has submitted to the court, notice of Mr. Brace's extortion and mail fraud (see last year's notice to the court July, 2003) and never heard from the court in writing or via any other method). Mr. Bastie believes the court lost Subject Matter Jurisdiction at that point in time and that he and others similarly situated should be dismissed with prejudice.

14. Mr. Bastie has also noticed the court concerning Mr. Brace's improper use of terminology which rises to a level of fraud on the court. Mr. Bastie believes that he and others similarly situated should be dismissed with prejudice because the court did not answer his notice nor did Mr. Brace.

## Conclusion and Status

Mr. Bastie and others similarly situated believe the court does not have subject matter jurisdiction, that the court has not answered Mr. Bastie and others similarly situated, and that the court must dismiss them with prejudice. Mr. Bastie and others similarly situated, has filed notices, motions, objections and a forum non-conveniens with the court and the court has not answered. Therefore, Mr. Bastie believes that the court has not established jurisdiction over him and lacks the ability to compel him to attend mediation and should, in fact, dismiss him and others similarly situated, with prejudice. The court is operating in clear absence of all jurisdiction and this is a non-suit.

**CERTIFICATE OF SERVICE BY FACSIMILE AND MAIL**

I CERTIFY that I, on this 19th day of July, 2004, faxed a true and correct copy of this Answer and Interim Status Report directly to the court, and to the Clerk of the Court, as well as mailing to those on the Certificate of Service List below.

_____

Gary Bastie

Robert L. Brace
Hollister & Brace
1126 Santa Barbara Street
P..O. Box 630
Santa Barbara, CA  92102

Sierra Legal Duplicating
Document Depository
124 W. Taylor
Reno, Nevada 89505

And also:

Leonardo D. Floyd
U. S. Department of Justice
Southern District of Mississippi
100 West Capitol, Suite 1553
Jackson, Mississippi  39269

Richard W. Horton
Lionel Sawyer & Collins
50 West Liberty Street
Suite 1100
Reno, Nevada  89501

Noel Hillman
U.S. Department of Justice
950 Pennsylvania Ave. N.W.
Washington, DC 20530-0001

6