GARY A. BASTIE
523 South 59th Street
St. Petersburg, FL 33707
Telephone: 727-341-1217
Facsimile: 727-344-0112



In The United States District Court
For The District of Nevada

| | |
|---|---|
| Thomas A. Dillon, Independent Fiduciary Of Employers Mutual Plans,<br><br>Plaintiff,<br><br>vs.<br><br>James Lee Graf, et al.<br><br>Defendant(s). | Case No.: CV-N-03-0119-HDM-VPC<br><br>AMENDED ANSWER AND INTERIM STATUS REPORT |

**Amended Answer and Interim Status Report**

Gary Bastie, on behalf of himself and others similarly situated answers the following with respect to the Order and Case Management Order dated July 6, 2004 as requested by that same Order. Although Mr. Bastie is not a "member" of the Joint Defense Committee—he is pro se—he is answering on that basis. Mr. Bastie and others similarly (situated) note here that the court has not established jurisdiction or shown respect for jurisdictional challenges.

1

1. The original Case management Order allows Mr. Bastie and others similarly situated, to file their own paperwork with the court (reference page 4 of NOTICE OF ENTRY OF CASE MANAGEMENT ORDER, October 23, 2003, see lines 18-19, "Defendants who were either general or wholesale agents may file separate motions on their respective behalf or respective joinder(s) to any motion filed by lead counsel.") as does the Constitution of the United States allow Mr. Bastie and others similarly situated to have pro se status with the court. The Order lists, "All Parties and Joint Defense Committee File Interim Status Reports" therefore, this answer is being submitted as per Order.

2. Mr. Bastie, and others similarly situated filed motions, objections, forum non-convenience and other pleadings with the court. The court has acted outside the outer parameters of law and procedure diminishing the case, in its entirety, to an exercise in extra-legal, extra-judicial charade.

3. Mr. Bastie, and others similarly situated filed an Objection To Lead Counsel and Mediator in December 2003. Mr. Bastie has received no answer. Mr. Bastie is on record as to having shown cause why he cannot attend mediation and/or use the services of a Lead Counsel. Please correct this in any future orders from the court.

4. The Case Management Order stipulated that Mr. Brace would have until February 20, 2004 to reply to Motions.

5.  Mr. Brace, in his PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS BASED ON: F.R.C.P. 12(b)(6); ERISA PREEMPTION; OBJECTIONS TO THE COURT APPOINTMENT OF LEAD COUNSEL AND A MEDIATOR; AND, MOTIONS CHALLENGING VENUE AND SEEKING TO TRANSFER VENUE PURSUANT TO 28 U.S.C. 1404; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION, states that a Court Order was issued on February 23, 2004 allowing him to respond with a single motion "late", that is, not by February 20, 2004. Mr. Brace missed his original opportunity.

6.  Mr. Brace finally replied to Motions on June 24, 2004. Mr. Brace's reply was incomplete and failed to address points made by Mr. Bastie and others similarly situated. Mr. Brace has dishonored motions of Mr. Bastie and others similarly situated and, according to this court's own *Local Rules of Civil Practice,* LR 7-2 (d), states: **"The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion"**. Therefore, Mr. Bastie and others similarly situated should be dismissed with prejudice immediately.

7.  Mr. Bastie and others similarly situated have not, as of July 19, 2004, heard from the court concerning their motions, objections, forum non-conveniens nor, specifically, their Objection to Lead Counsel and Mediator. Therefore, they have not attended any mediation, as mediation would be wholly inappropriate where the manner is, as a matter of law, a non-suit. These documents have been filed with the court for months.

3

8.    Mr. Brace, in his single answer to all motions, failed to address each point that Mr. Bastie raised and therefore they must be deemed as true and Mr. Bastie and others similarly situated should be dismissed with prejudice.

9. Mr. Brace "missed" his answer to motions date yet received another "chance" by the court (see above referenced February 23, 2004 order also referenced by Mr. Brace). Mr. Bastie and others similarly situated should be dismissed with prejudice.

10.   Thus far, the court has disregarded the fact, undeniable on the record, that the court is in want of Subject Matter Jurisdiction relative to Mr. Bastie and others similarly situated; Mr. Brace, practicing fraud by concealment or constructive fraud has further deprived the court of subject matter jurisdiction to order Mr. Bastie and others similarly situated to attend mediation.

11.   Mr. Bastie still stands on his forum non-conveniens issues and reminds the court that among his other points, that expecting Mr. Bastie to travel to Nevada would flagrantly trespass on the substantive due process right of Mr. Bastie. This court has actual knowledge that Mr. Brace has dishonored every material presentment by Mr. Bastie and other similarly situated causing this court to fall in to disrepute; additionally, this court's courtesy to the flagrant misconduct of Mr. Brace suggests collusion.

12.   Mr. Brace failed to establish that the court has Subject Matter Jurisdiction (refer to Motion To Strike Plaintiff's Consolidated Answers by Mr. Bastie). The court has a non-discretionary duty to dismiss Mr. Bastie and others similarly situated.

13. Mr. Bastie has submitted to the court notice of Mr. Brace's extortion and mail fraud (see last year's notice to the court July, 2003), which the court disregarded in violation of 18 USC 4. Mr. Bastie reminds this court that the Court was deprived of Subject Matter Jurisdiction for reason of convenient reaching and grasping of the unclean hands of Mr. Brace.

14. Mr. Bastie has also noticed the court concerning Mr. Brace's improper use of terminology, which rises to a level of fraud on the court. In example, Brace uses terms "wholesale" and derivatives, and "retail" which, in a context of companies offering insurance contracts are not merely an anomaly, such practices would be patently illegal. Although most insurance agents would presume Brace to be ignorant, this court is reminded, that Brace had a duty under oath, to make inquiry, reasonable under the circumstances, and thus confessed unclean hands. Mr. Bastie reminds the court that fraud on the court deprives the court of jurisdiction.

15. Recently, as of July 2, 2004, even Mediator, Robert G. Berry, issued an Order stating the obvious, that Mr. Bastie and others similarly situated did not attend Mediation III on June 30, 2004. Mr. Berry also states in this Order, that these defendants did not attend or show cause. Mr. Berry failed to note the court has yet to establish subject matter jurisdiction and that Mr. Bastie and the others, filed a forum non-conveniens (December, 2003) showing cause and stating legitimate reasons why they could not attend. The court never answered that pleading and, hopefully, this was not concealed

from Mr. Berry. Mr. Berry would be advised to refer to that forum non-conveniens since Mr. Bastie and others similarly situated stand on that pleading.

16. To this point, and in nearly 8 months of filing pleadings, the court has not answered the pleadings and notices of Mr. Bastie and others similarly situated. As a result, the court has not established subject matter jurisdiction in this case. Therefore, neither update nor interim status report can be filed concerning the pleadings.

17. Thus far, as of the date of this report, no proof has been offered by the plaintiff that Gary Bastie or others similarly situated are liable for paying other people's claims. It can be established however, that these defendants have been personally and monetarily damaged by Employers Mutual, LLC and by the actions of Mr. Brace, Mr. Dillon, and others who seek funds from these defendants.

18. An element of fraud exists in the claims reported on 2 CD's provided (sent by Mr. Brace to Mr. Bastie and others similarly situated). Mr. Bastie has noted that with respect to the 2 CD's dated on or about May 17, 2004 and July 1, 2004 the amounts do not match. Mr. Brace was deemed to have done his due diligence with respect to this case prior to filing it however these amounts and the amounts on a number of Brace court filings and different letters of correspondence from Mr. Brace demonstrate that the claim amounts never matched. If the court and Mr. Bastie are to believe that one claim report is accurate, then the amounts on all the others must be deemed inaccurate. The only conclusion Mr. Bastie can draw is that there is an element of fraud in all the claims

reports. Mr. Bastie is unable to sort out which report is the legitimate one and therefore cannot respond.

19. The claims submitted for review (thus far) to Mr. Bastie, via the 2 CD's referenced above, have no accompanying proof of professional CLU, CPCU, CPA, or other fraud investigating, claims adjudicating or claims adjusting. Mr. Bastie is not trained nor licensed in any of these areas. As a result, Mr. Bastie cannot make heads or tails out of the claim CD's and is in no position to testify as to their accuracy, validity or authenticity.

## Conclusion and Status

Mr. Bastie and others similarly situated notice this court that this instant case is a veritable minefield of jurisdictional failings causing this court's continued disregard for the rule of law to subject this court to unkind commentary and possible criminal inquiry. This court's swift response to dismiss this instant case against Mr. Bastie and others similarly situated avoids the conclusion that this court has willfully colluded with Mr. Brace to extort money and property from Mr. Bastie and others similarly situated.

Prepared and submitted by:

Gary Bastie
523 South 59th Street
St. Petersburg, FL 33707
Telephone: (727) 341-1217
Facsimile : (727) 344-0112

*(signature)*

Gary A. Bastie

## CERTIFICATE OF SERVICE BY ~~FACSIMILE AND~~ MAIL

I CERTIFY that I, on this 5th day of August 2004, mailed a true and correct copy of this Answer and Interim Status Report directly to the court, and to the Clerk of the Court, as well as mailing to those on the Certificate of Service List below.

| | |
|---|---|
| **Robert L. Brace** | **Richard W. Horton** |
| Hollister & Brace | Lionel Sawyer & Collins |
| 1126 Santa Barbara Street | 50 West Liberty Street |
| P..O. Box 630 | Suite 1100 |
| Santa Barbara, CA 92102 | Reno, Nevada 89501 |
| | |
| Sierra Legal Duplicating | Robert G. Berry |
| Document Depository | 3701 Fairview Rd. |
| 124 W. Taylor | Reno, NV 89511 |
| Reno, Nevada 89505 | |

And also:

Leonardo D. Floyd                         Noel Hillman
U. S. Department of Justice               U.S. Department of Justice
Southern District of Mississippi          950 Pennsylvania Ave. N.W.
100 West Capitol, Suite 1553              Washington, DC 20530-0001
Jackson, Mississippi 39269

John Ashcroft
U.S. Department of Justice
950 Pennsylvania Ave. N.W.                **Gary A. Bastie**
Washington, DC 20530-0001

8